IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL K. BANGO,
    Plaintiff,

v.                                                Case No.: 3:03cv576/MCR/EMT

JAMES V. CROSBY, et al.,
    Defendants.

## **REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 66). Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1). Since filing this action, Plaintiff has filed five motions for injunctive relief, including the instant motion (*see* Docs. 3, 7, 18, 57, 66). The four previous motions have each been denied by order of the District Judge (*see* Docs. 23, 33, 69).[1]

        In the instant motion for injunctive relief, Plaintiff essentially raises the same allegations and arguments contained in his prior motions for injunctive relief. Specifically, Plaintiff alleges that "twice within five months, the defendants have failed to protect Plaintiff at Santa Rosa C.I. . . . close management (CM) facility units" (Doc. 66 at 1). Plaintiff further alleges "as a result of the ongoing assaults . . . and the inevitable rampant retaliation whenever Plaintiff file[s] grievances . . . Plaintiff continues to suffer mental and physical injuries" (*id.*). As relief, Plaintiff seeks transfer to another correctional facility.

---

[1]The District Judge's order dated April 22, 2004 (Doc. 23) denied Plaintiff's first two motions for injunctive relief (Docs. 3, 7); the order dated May 19, 2004 (Doc. 33) denied Plaintiff's third motion (Doc. 18); and, the order dated January 6, 2005 (Doc. 69) denied Plaintiff's fourth motion (Doc. 57).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disturb the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

Plaintiff has not clearly established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted. Although Plaintiff alleges "ongoing assaults," he mentions only two assaults within five months and provides no details concerning those alleged assaults, including exactly when they occurred. Furthermore, Plaintiff alleges mental and physical injuries, but provides no description or detail concerning these alleged injuries. In short, Plaintiff has failed to carry his burden of persuasion.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 66) be **DENIED without prejudice**.

At Pensacola, Florida, this 16th day of May, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**