IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL K. BANGO,
    Plaintiff,

vs.                                    Case No. 3:03cv576/MCR/EMT

JAMES V. CROSBY,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 9). On October 19, 2005, the undersigned filed a Report and Recommendation recommending dismissal of Plaintiff's third amended complaint (Doc. 72) for failure to state a claim upon which relief may be granted (*see* Doc. 79). However, the Report and Recommendation failed to address Plaintiff's Motion for Preliminary Injunction, in which Plaintiff seeks transfer to another correctional facility and an "ex parte" hearing with the Court to address issues raised in his complaint (Doc. 78).

    The grant or denial of preliminary injunctive relief rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). The district court, however, must exercise its discretion in light of whether:

    1.    There is a substantial likelihood that plaintiff will prevail on the merits;

    2.    There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and

    4.      The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broadcasting, Inc. v. Echostar Communications Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citing <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citing cases)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." <u>CBS Broadcasting, Inc.</u>, 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1337 (11th Cir. 1994).

    For the reasons outlined in this Court's Report and Recommendation recommending dismissal of Plaintiff's complaint (Doc. 79), the undersigned concludes that Plaintiff's complaint fails to present an actionable claim. Thus, Plaintiff fails to meet a prerequisite for injunctive relief, namely, a substantial likelihood of success on the merits. Therefore, the motion for a preliminary injunction should be denied.

    Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 78) be **DENIED**.

    At Pensacola, Florida this 21st day of October 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 3:03cv576/MCR/EMT